THOMAS L. CLAYTON v. R. B. JOHNSTON.

*Burden of Proof—Mistake of Fact—Cost of Transcripts.*

1. Upon a motion to strike out an entry of satisfaction of judgment on the ground of a mistake of fact, it was found that the moving party had failed to show by preponderance of proof such mistake on his part at the time he made the entry, there being no exception to the evidence or that it was insufficient, and the court refused the motion; *Held,* no error.

2. The costs of unnecessary and irrelevant matter, accompanying a transscipt, in regard to which no exception is taken below, will be taxed against the appellant whether he succeeds or not. (See *Grant* v. *Reese, ante,* 72—opinion.)

MOTION in the cause heard at Fall Term, 1879, of BUNCOMBE Superior court, before *Graves, J.*

This motion was made by plaintiff to strike out an entry of satisfaction of judgment which had been made at his instance. His Honor found that plaintiff had failed to show by preponderance of proof that he entered satisfaction under a mistaken fact, and refused to allow the motion. From which ruling the plaintiff appealed.

*Mr. James H. Merrimon,* for plaintiff.
*Messrs. J. M. Gudger* and *K. Elias,* for defendant.

SMITH, C. J.  In the superior court of Buncombe at spring term, 1873, the plaintiff recovered judgment against the defendant for the sum of seven hundred and forty-one dollars, on which execution issued returnable to the following term. On December 17th, 1874, the sheriff gave the defendant a receipt, not specifying the amount paid, but in full for principal and interest due on the debt.    In the early part of the year 1877, the plaintiff on the defendant's application, caused satisfaction to be entered on the record of the judgment, signing his name thereto.  His present motion is to have this entry stricken out to the end that execution may issue for three hundred dollars, which sum, he alleges, was allowed in settlement for the residue, upon the assurance of the sheriff that this sum had been  collected and  applied, as he was directed to do, upon another judgment on which he was liable as a surety for one R. L. Overby, and he subsequently learned that the money had not been collected, but assumed by the sheriff, and had not been so applied.

Upon the hearing of the motion, numerous affidavits were read and some  oral  testimony received, upon  which His Honor found as a fact " that the plaintiff had failed to show by preponderant proof, that there was a mistake of fact, on his part, at the time the entry of satisfaction of the judgment was made upon the record," and  denied  the motion. There is no suggestion that any  evidence was  improperly admitted or refused, or that it was insufficient to warrant the conclusion arrived at, and  therefore it cannot be considered on the appeal.

Assuming the fact of the want of evidence to sustain the plaintiff's allegation, it cannot be contended that His Honor erred in refusing to cancel the entry made voluntarily and under no misapprehension by the plaintiff himself, and ex-

pose the defendant to another demand of a discharged debt. Indeed the argument before us was mainly directed to the effect of the proofs offered, and not to the deductions of the court therefrom, which are conclusive on the appeal. The ruling of the court must therefore be sustained and the judgment affirmed.

We again call attention to the requirements of C. C. P., § 301, in stating the case on appeal, and to the voluminous and unnecessary matter that often accompanies the transcript in regard to which no exception is taken. This remark is applicable to the evidence sent up in the present case upon which His Honor has conclusively passed and which is not subject to our review. We shall be constrained to tax the appellant with the costs of such irrelevant matter, as we have directed in *Grant* v. *Reese, ante* 72, whether the appellant succeeds or fails. It imposes also upon the court much unnecessary labor in examining the record.

No error.                                                   Affirmed.